UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-CV-61904- SEITZ/SIMONTON

HARRY PERRET and
MELINDA PERRET, individually,
and on behalf of all those similarly situated,

        Plaintiffs,

vs.

WYNDHAM VACATION RESORTS, INC., *et al.,*

        Defendants.
_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE is before the Court on Plaintiffs' Motion to Remand [DE-45]. This putative class action was filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Defendants removed the action to this Court based on the Class Action Fairness Act (CAFA). Plaintiffs' Amended Complaint arises out of the sale and management of timeshare vacation properties in Florida. Plaintiffs assert that the sale transactions were misleading and deceptive and that the management costs assessed by Defendants are excessive and unreasonable. Plaintiffs seek remand because the amount in controversy has not been met and because class size has not been established.[1] Because the amount in controversy requirement for jurisdiction under CAFA is facially apparent from the allegations of the Amended Complaint, the Motion to Remand is denied.

### I. Facts Alleged in Complaint and Other Documents

Defendant Wyndham Vacation Resorts, Inc. (Wyndham) advertises, sells, and manages

---

[1] Plaintiffs concede that Defendants have satisfied the minimal diversity and more than 100 class members requirements of CAFA.

timeshare properties in Florida. Defendant FairShare Vacation Owners Association (FairShare) is the trustee for the beneficiaries of the Wyndham Trust, which consists of the owners of timeshare properties owned by Wyndham. Plaintiffs generally allege that Defendants were deceptive and misleading in their sale and management of timeshare properties. Specifically, Plaintiffs' Amended Complaint alleges six causes of action: (1) equitable relief against both Defendants; (2) breach of fiduciary duty against FairShare; (3) breach of fiduciary duty against Wyndham; (4) violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) against Wyndham; (5) breach of contract against both Defendants; and (6) fraud by Wyndham. Plaintiffs pray for damages, including interest and disgorgement of inequitable and unconscionable profits in the wherefore clauses of Counts II, III, and IV. They seek compensatory damages, special damages, and prejudgment interest in Count V and simply damages including interest in Count VI.

Defendants removed this action from state court based on the allegations in the complaint and several declarations. The Amended Complaint, paragraph 10, alleges that "[t]he amount of each individual claim in controversy exceeds $15,000.00, exclusive of interest and costs." It further alleges, in paragraph 26, that "Plaintiffs are informed and believe that potentially thousands of Floridians and non-Floridians have purchased timeshare vacations from Wyndham."

The Amended Complaint defines the class as:

> All residents of Florida and non-residents of Florida who, while in Florida, purchased timeshare vacations for Wyndham's properties that are located in Florida and who are members of the trust for whom FairShare acts as the Trustee.

Defendants removed the action primarily based on the allegations in the Amended Complaint.

Plaintiffs seek to remand the action because Defendants have not definitely established that the amount in controversy exceeds $5,000,000.

## II. Discussion

Under CAFA, a district court has jurisdiction over a class action in which the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2). Additionally, the proposed plaintiff class must exceed 100 members. 28 U.S.C. § 1332(d)(5)(B).[2] Neither party disputes that the burden is on Defendants to establish that these requirements of CAFA has been met. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (stating that the removing party bears the burden of establishing the district court's jurisdiction). The Defendants must prove the amount in controversy and the size of the proposed class by a preponderance of the evidence. *Id.* at 1208. Plaintiffs do not dispute that the class size will exceed 100 members. However, they do dispute Defendants' estimate of the class size as it is used to calculate the amount in controversy.

The amount in controversy can be facially apparent from the pleading itself, "even when the complaint does not claim a specific amount of damages." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation omitted & citation omitted). Under such circumstances, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061-62 (internal quotation omitted & citation omitted).

---

[2]Section 1332(d) contains other jurisdictional prerequisites that also must be met in order to remove a case from state court. However, those are not at issue here.

In this case, the amount in controversy is facially apparent from the Amended Complaint. Paragraph 10 of the Amended Complaint states, in part, "[t]he amount of *each individual* claim in controversy exceeds $15,000.00, exclusive of interest and costs." (emphasis added). The Amended Complaint further states, at paragraph 26, "Plaintiffs are informed and believe that potentially thousands of Floridians and non-Floridians have purchased timeshare vacations from Wyndham." Thus, $15,000 in damages per individual claim times 1000, or more, individual class members is $15,000,000 in damages, well over the $5,000,000 threshold for CAFA jurisdiction.[3]

Plaintiffs argue that the allegation in paragraph 10 regarding the amount of the claims was meant only to refer to the claims of the named Plaintiffs and when read together with other allegations demonstrate that the allegations were only meant to satisfy state circuit court pleading and jurisdiction requirements. Contrary to Plaintiffs' assertions, that is not what the allegations say. Plaintiffs' argument is further undermined by the fact that, elsewhere in the Amended Complaint, Plaintiffs specifically refer to "the named Plaintiffs" and "Proposed Class Representatives," thus, making it clear that Plaintiffs knew how to, and did in fact, distinguish between the named Plaintiffs and the plaintiff class. Plaintiffs did not make such a distinction in

---

[3]This calculation is conservative because the Amended Complaint states that each individual claim exceeds $15,000 and the Amended Complaint contains five separate counts seeking money damages. Thus, each class member allegedly has five separate claims with each claim worth $15,000. Thus, each class member has claims with damages totaling $75,000 (5 x $15,000) and there are more than 1000 class members.

Furthermore, even if the Court read paragraph 10 as applying only to the named Plaintiffs, the Amended Complaint also alleges that the named Plaintiffs' claims are typical of the claims of the class members. Thus, in order to meet the typicality requirement of the class and given the nature of the claims, the conservative $15,000 amount of the named Plaintiffs' alleged damages should be similar to the amount of the damages of the other class members. This too would mean that the amount in controversy exceeds the $5,000,000 requirement ($15,000 x 1,000=$15,000,000).

4

paragraph 10. Based on the Amended Complaint, the amount in controversy is facially apparent.

Even if the Court were to accept Plaintiffs' argument that the amount in controversy is not facially apparent from the Amended Complaint, Defendants have still established jurisdiction. Plaintiffs argue that the class size allegation in the Amended Complaint is not sufficient to establish class size and, thereby, calculate the amount in controversy. According to Plaintiffs, Defendants' data and testimony, submitted with the Removal notice, do not clearly establish class size because the data used did not match the class definition. However, in response to Plaintiffs' Motion to Remand, Defendants submitted additional data and testimony. Plaintiffs have not provided any evidence to rebut Defendants' evidence but have, instead, argued that Defendants' evidence is insufficient to establish jurisdiction. The Court finds otherwise. Defendants have presented data and testimony indicating that 43,210 contracts were signed in Florida during the class period.[4] While Defendants could not definitely state that these contract were signed in Florida, they established that they were signed the same day as they were created at Defendants' Florida sales center and that the overwhelming majority of Defendants' business is face-to-face transactions. Thus, Defendants have established by a preponderance of the evidence that the class size exceeds the requirements of CAFA and, in fact, exceeds 1000 class members. Based on the broad allegations in paragraph 10 of the Amended Complaint, the

---

[4]Plaintiffs argue that many of these contracts do not meet the class definition because they are for "upgrades." Defendants respond that upgrades fall within the class definition. The Court finds that at this point in time it need not address this issue because even if upgrades do not fall within the class definition, Defendants have presented evidence that 40% of their business is first time purchasers. Thus, this would mean that 17,284 contracts fit Plaintiffs' interpretation of the definition of the class. This would still create a class sufficient to meet the amount in controversy requirement of CAFA based on the allegations of the Amended Complaint if the individual claims were only the small amount of $290 each.

5

amount in controversy requirement of CAFA has been met.[5]

Accordingly, having considered the motion, the Defendants' opposition [DE-57], and Plaintiffs' reply [DE-64], and for the reasons set forth above, it is hereby

ORDERED that Plaintiffs' Motion to Remand [DE-45] is DENIED.

DONE AND ORDERED in Miami-Dade County, this 21st day of February, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record

---

[5] The Court also finds it telling that Plaintiffs have not stipulated that the amount of their damages do not exceed $5,000,000.