UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-CV-61904- SEITZ/SIMONTON

HARRY PERRET and
MELINDA PERRET, individually,
and on behalf of all those similarly situated,

        Plaintiffs,

vs.

WYNDHAM VACATION RESORTS, INC., *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION TO DSIMISS

THIS CAUSE is before the Court on the two Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement [DE-14], Plaintiffs' response [DE-58],[1] and Defendants' reply [DE-65]. This putative class action was filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Defendants removed the action to this Court based on the Class Action Fairness Act. Plaintiffs' Amended Complaint arises out of the sale and management of timeshare vacation properties in Florida. Plaintiffs assert that the sale transactions were misleading and deceptive and that the management costs assessed by Defendants are excessive and unreasonable. Defendants seeks to dismiss all counts of the Amended Complaint for failure to state a cause of action upon which relief can be granted or, in the alternative, Defendants seek a more definite statement. Because Plaintiffs have failed to

---

[1] The Court notes that Plaintiffs' response includes a Certificate of Good Faith Conference, which states that "undersigned counsel for plaintiffs conferred with counsel for defendants, and is authorized to represent that defendants agree to the issuance of the relief plaintiffs request herein. This is clearly not an accurate statement. The Court cautions Plaintiffs' counsel to make sure all future submissions accurately set forth the circumstances of their filing.

adequately plead their claims, Defendants' motion to dismiss is granted with leave for Plaintiffs to replead consistent with the directions in this Order.

## I. Facts Alleged in Complaint

Defendant Wyndham Vacation Resorts, Inc. (Wyndham) advertises, sells, and manages timeshare properties in Florida. Defendant FairShare Vacation Owners Association (FairShare) is the trustee for the beneficiaries of the Wyndham Trust, which consists of the owners of timeshare properties owned by Wyndham. Plaintiffs generally allege that Defendants were deceptive and misleading in their sale and management of timeshare properties. Specifically, Plaintiffs' Amended Complaint alleges six causes of action: (1) equitable relief against both Defendants; (2) breach of fiduciary duty against FairShare; (3) breach of fiduciary duty against Wyndham; (4) violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA) against Wyndham; (5) breach of contract against both Defendants; and (6) fraud by Wyndham.

The Amended Complaint alleges that Defendants made misleading representations and omissions prior to and during the sale of the timeshares, which misrepresented the actual nature, identity, and financial and legal consequences of the sale and the respective rights, obligations, and duties of the parties arising from the sale. Defendants characterized the transaction as a simple purchase of a timeshare vacation but the purchase is bundled within a complex and confusing set of transactions which relate to financial, management, maintenance, trust, and other legal relationships and obligations undertaken by the purchaser and seller. By misrepresenting the nature of the transactions, Defendants induced Plaintiffs to enter into financially onerous relationships.

The sale transaction actually involves multiple transactions: (1) the purchase and sale of a

fractional fee simple interest in real estate; (2) the transfer of the fee simple interest to a Wyndham controlled trust; (3) an assignment of "points" to the purchaser which can be traded for vacation time at certain Wyndham owned properties; (4) an agreement by purchaser to engage Wyndham-controlled property managers and to pay them fees; (5) an agreement to pay monthly maintenance fees to Wyndham property managers; and (6) a relinquishment or waiver by the purchaser of the right to freely sell their timeshare interest without giving Wyndham the first right of refusal on any transaction.[2] Plaintiffs allege that these agreements explicitly impose upon Defendants various fiduciary duties and obligations.[3] Plaintiffs also allege that Florida law imposes fiduciary duties on Defendants, specifically, Florida Statute § 501.201.

After the closing of the transactions, Defendants begin collecting the fees and costs associated with the timeshare ownership. Plaintiffs assert that these fees and costs are so excessive, unreasonable, and unrelated to Defendants' actual costs and expenses as to unjustly enrich Defendants and impose an extreme detriment on Plaintiffs.

Plaintiffs incorporate every prior allegation into each count of the Amended Complaint. In addition to the preceding allegations, Count I of the Amended Complaint alleges that Plaintiffs will suffer irreparable harm if Defendants are not enjoined from continuing to sell timeshares

---

[2] Plaintiffs have not attached the agreements to the Amended Complaint and the Amended Complaint does not set out which parties entered into which agreements. To achieve the goal of Rule 1 of the Federal Rules of Civil Procedure, the just, speedy, and inexpensive resolution of every action, any amended complaint must attach the contracts at issue and Plaintiffs must identify the provisions of the contracts on which their claims rest.

[3] As previously noted, Plaintiffs have not attached the agreements to the Amended Complaint. The Amended Complaint also does not set out any language from the agreements that imposes a fiduciary duty on FairShare. Plaintiffs have set forth a single clause of one of the agreements, which they allege impose a fiduciary duty on Wyndham.

3

using their current methods and if Defendants are not enjoined from continuing to impose inflated management and maintenance fees. Count II alleges that Florida Statute § 718.111(1)(a) provides that officers and directors of condominium associations have a fiduciary relationship to owners and that FairShare has breached its fiduciary duties to Plaintiffs.[4] Count III alleges that Wyndham had a fiduciary duty, pursuant to the agreements and Florida Statute § 721.13(2)(a), to Plaintiffs and that Wyndham breached that duty. Count IV alleges that Wyndham advertises and sells timeshares by making affirmative misrepresentations and omissions of material information regarding the value of the timeshares and other pertinent details and that such acts constitute an unfair method of competition, unconscionable act, and unfair and deceptive practice. Count V alleges that Defendants breached the agreements by failing to perform their management and trustee responsibilities and, as such, have violated the implied covenant of good faith and fair dealing.[5] Finally, Count VI alleges that Wyndham made knowingly false statements about the profitability and value of the timeshares, that Wyndham knew that Plaintiffs would reasonably rely on the misrepresentations, and that Plaintiffs relied on these misrepresentations by entering into the agreements, which they would not otherwise have entered into.

## II. Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal

---

[4]The Amended Complaint does not allege that FairShare was an officer or director of any condominium association.

[5]The Amended Complaint does not set out any specific contract provisions allegedly violated by Defendants.

4

Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the factual "grounds" for his entitlement to relief, and a conclusory or "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Discussion

Defendants have moved to dismiss all counts of the Amended Complaint under Rule 12(b)(6) and the fraud counts for failure to comply with Federal Rule of Civil Procedure 9(b). Defendants also seek to dismiss the Amended Complaint because it is a shotgun pleading. In the

alternative, Defendants seek a more definite statement as to Counts II, III, and V. The Court will address the claims in the same order as the parties have in their papers.

A. *Count V for Breach of Contract is Dismissed*

Defendants move to dismiss Plaintiffs' breach of contract claim for three reasons: (1) Plaintiffs did not attach a copy of the contracts at issue to the Amended Complaint, as required by Florida Rule of Civil Procedure 1.130(a); (2) the Amended Complaint does not set out any specific contractual provisions that Defendants have breached; and (3) the claim includes an allegation that Defendants have breached the implied covenant of good faith and fair dealing without specifying how Defendants have breached the contracts. Plaintiffs respond that the Federal Rules of Civil Procedure do not require them to attach the contracts to the Amended Complaint and that the Amended Complaint has adequately pled a breach of the covenant of good faith and fair dealing.[6]

Under Florida law the "duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." *Hospital Corp. of America v. Florida Medical Center, Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998). The covenant of good faith often comes into play when, under the parties' contract, "one party has the power to make a discretionary decision without defined standards." *Publix Super Markets, Inc. v. Wilder Corp of Delaware*, 876 So. 2d 652, 655 (Fla. 2d DCA 2004).

Count V of the Amended Complaint alleges that Defendants assessed excessive fees,

---

[6]Based on Plaintiffs' response to the motion, it appears that the *only* breach of contract alleged by Plaintiffs is a breach of the covenant of good faith and fair dealing.

6

overstated the actual market value of services, and charged interest on funds that do not exist. The Amended Complaint provides no factual details to support these adjectival conclusions as to "excessive" and ""overstated." Moreover, the Amended Complaint does not set out which of the multiple contracts between the parties, let alone which provisions of those contracts, gave Defendants the discretion to do these things. Nor have Plaintiffs pled how Defendants failed to carry out in good faith a particular provision of a contract. Without this information, Plaintiffs have not stated a cause of action for breach of the covenant of good faith. Consequently, Count V is dismissed with leave to replead, if there are facts to support these allegations.

### B. Plaintiffs' Fraud Claim, Count VI, is Dismissed

Defendants move to dismiss Count VI of the Amended Complaint because it does not comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). In response, Plaintiffs concede that they have not pled the date, time, and place of the allegedly fraudulent representations made by Defendants, but, instead, assert that they can meet the Rule 9(b) pleading requirements by other means. Plaintiffs argue that the pleading requirements are "relaxed" when the false information is disseminated through standardized corporate documents, when the Defendant has almost exclusive knowledge of and control over the factual information underlying the fraud, or when the fraudulent transactions are numerous and take place over an extended period of time.

As a general rule, Rule 9(b) may be satisfied if a complaint sets forth: "(1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the

plaintiff; and (4) what the defendant obtained as a consequence of the fraud." *FindWhat Investor Group v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011); *see also Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Quite simply, Plaintiffs have not pled Count VI with the required specificity. Nor have Plaintiffs pled their fraud claim through the "relaxed" requirements on which they rely.

First, Plaintiffs have not pled in the Amended Complaint that Defendants used standardized corporate documents. Second, Plaintiffs' Amended Complaint does not allege that Defendants had exclusive control over the factual information underlying the fraud. In fact, the Amended Complaint alleges, in a conclusory manner, that Plaintiffs received misleading information and documents, thus, giving Plaintiffs access to the allegedly fraudulent materials, which would enable Plaintiffs to plead the alleged fraud with the required specificity. Finally, Plaintiffs do not allege that they took part in numerous fraudulent transactions with Defendants. Thus, none of the reasons for the "relaxed" standards apply here. Further, there is nothing in the pleadings that indicates that Plaintiffs cannot set forth the fraudulent representations made by Defendants, the time and place of such statements, who made the statements to them, the content of the statements, how the statements misled Plaintiffs, and what Defendants obtained as a result of the fraud. Consequently, Plaintiffs have failed to state a cause of action for fraud and Defendants' motion to dismiss is granted as to Count VI. Plaintiffs may replead their fraud claim if they can set out (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a

consequence of the fraud.

### C. Plaintiffs' FDUTPA Claim, Count IV, is Dismissed

Defendants move to dismiss Plaintiffs FDUTPA claim because: (1) it does not comply with the pleading requirements of Rule 9(b); (2) it does not satisfy the pleading standards set forth in *Iqbal* and *Twombly*; and (3) the damages allegations are insufficient to sustain a FDUTPA claim. Plaintiffs' FDUTPA claim is clearly based on fraud, as the claim alleges that Wyndham "purposefully and systematically [made] affirmative misrepresentations and [] omissions of material information."

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The rule does not state that it only applies to claims for fraud; it says it applies to allegations of fraud. While not all claims under FDUTPA will be based on fraud, Plaintiffs' claim is.[7] Consequently, Plaintiffs' FDUTPA claim must be plead with particularity and must meet the same pleading standard as set out above in the discussion of the fraud claim, which it does not. Accordingly, the motion to dismiss is granted as to Count IV with leave to replead.

### D. Count I for Equitable Relief is Dismissed

Defendants move to dismiss Count I for declaratory and injunctive relief because (1) it combines two counts into one; (2) it does not sufficiently allege entitlement to declaratory relief; and (3) it does not allege the requisite elements for entitlement to injunctive relief. Plaintiffs'

---

[7]The Court recognizes that there is a split in this district over whether a claim under FDUTPA must meet the pleading requirements of Rule 9(b). *Compare Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, *5 (S.D. Fla. 2011) (requiring that a FDUTPA claim be plead in accordance with Rule 9(b)) with *Costa Kerzner International Resorts, Inc.*, 2011 WL 2519244, *2 (S.D. Fla. 2011) (noting the split in authority and holding that FDUTPA claims do not have to comply with Rule 9(b), yet, finding insufficient allegations of misrepresentations).

claim for equitable relief does not set forth the legal basis for the claim. In their opposition to the motion to dismiss, Plaintiffs state that the claim for declaratory relief is based on the Florida Declaratory Judgment Act and FDUTPA and that the claim for injunctive relief is based on FDUTPA. However, there is nothing in the Amended Complaint that indicates that these statutes are the legal basis for Plaintiffs' claim for declaratory or injunctive relief.

Plaintiffs seek a declaration that Defendants sales practices are fraudulent, unconscionable, and inequitable. Defendants move to dismiss the claim for declaratory judgment because the claim arises from the same conduct that forms the basis of Plaintiffs' breach of contract claim and thus declaratory relief is not available under the Federal Declaratory Judgment Act. Plaintiffs respond by arguing that their Amended Complaint is based on the Florida Declaratory Judgment Act, not the federal act, and on FDUTPA, which permit declaratory relief despite the availability of other relief. However, nothing in the Amended Complaint indicates that the Florida Declaratory Judgment Act and FDUTPA are the basis of Plaintiffs' declaratory judgment claim. In fact, Plaintiffs have pled a separate FDUTPA claim, Count IV, which does not seek declaratory relief. Given the lack of clarity, Count I for declaratory relief is dismissed with leave to replead. However, because Plaintiffs are in federal court and had not previously asserted a claim under Florida's Declaratory Judgment Act, the Federal Declaratory Judgment Act must be the basis for any claim *See GTE Directories Publishing Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995) (stating that the federal Declaratory Judgment Act is procedural).

Defendants move to dismiss the claim for injunctive relief because Plaintiffs have not pled the elements to demonstrate a right to injunctive relief and Plaintiffs have not alleged the

lack of an adequate remedy at law. Plaintiffs respond that their claim for injunctive relief is brought pursuant to FDUTPA. However, nothing in the Amended Complaint indicates that. Further, Count I does not adequately allege a claim under FDUTPA that would permit Plaintiffs to obtain injunctive relief. Consequently, Count I is dismissed in its entirety without prejudice.

### E. *Plaintiffs' Claims for Breach of Fiduciary Duty, Counts II and III, Are Dismissed*

Defendants argue that Plaintiffs' breach of fiduciary duty claims should be dismissed because they are barred by the economic loss rule, to the extent that the claims are based on duties that arise from a contractual relationship. In response, Plaintiffs assert that the economic loss rule does not bar well-established causes of action in tort, such as breaches of fiduciary duty, the economic loss rule does not bar intentional torts, and the economic loss rule does not bar causes of action where the duty is created by statute or non-contractual sources. However, the Amended Complaint is not clear as to the basis of the alleged fiduciary duty, particularly in light of Plaintiffs' incorporation of all preceding allegations into each count of the Amended Complaint. Because the basis for the claims is not clear, Defendants' motion is granted with leave to replead the basis of Defendants' fiduciary duties and the factual basis for the breach of those duties. However, to the extent that Plaintiffs' claims are based on a breach of any contract, the claims are dismissed with prejudice.

### F. *Plaintiffs' Amended Complaint is Dismissed as a Shotgun Pleading*

Finally, Plaintiffs' Amended Complaint is a perfect example of shotgun pleading. It incorporates every allegation by reference into each subsequent claim for relief. *See Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for

relief." *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996). Because it is impossible to properly respond to such a shotgun pleading, Plaintiffs' Amended Complaint is dismissed with leave to replead in accordance with the rest of this order.

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss, or in the Alternative, for a More Definite Statement [DE-14] is GRANTED in part and DENIED in part.

a) The Motion to Dismiss is GRANTED. Plaintiffs may file a second amended complaint in accordance with this Order by **March 19, 2012.** The Court cautions Plaintiffs to ensure that the claims set out in their second amended complaint comply with this order and have a sound factual and legal basis.

b) The Motion for a More Definite Statement is DENIED as moot.

DONE AND ORDERED in Miami-Dade County, this 5th day of March, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record